454

**TULLY, Extrx., Plaintiff-Appellant, v. TURNER, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4226.   Decided December 8, 1949.

Marion A. Ross, Columbus, for plaintiff-appellant.

F. Stanley Crooks, W. F. Laird, of Counsel, Columbus, for defendant-appellee.

## OPINION

By MILLER, PJ.

This is a motion submitted by the defendant-appellee seeking an order dismissing the appeal upon questions of law and fact and retaining the cause for hearing on questions of law only for the following reasons:

(1) No appeal bond has been filed by the plaintiff-appellant as required by §12223-6 GC.

(2) No bond was given in the Probate Court of Franklin County, Ohio, by the plaintiff-appellant as executrix of the estate of Elizabeth A. Maley, deceased, and she is therefore not entitled to exemption from the filing bond under §12223-12 GC.

Sec. 12223-6 GC provides that except as provided in §12223-12 GC no appeal shall be effective as an appeal upon questions of law and fact unless an appeal bond be filed within the time that the notice of appeal is required to be filed. The

exception applicable in §12223-12 GC provides that executors shall not be required to give the bond mentioned in §12223-9 GC who have given bond in this state, with surety according to law.

The record discloses that no appeal bond was filed within the statutory time and that no bond was given by the appellant as executrix in the Probate Court. The phrase "according to law" appearing in paragraph (a) of §12223-12 GC applies only to the word "surety" immediately preceding. **In re Stevenson, 79 Oh Ap 413.** Since no bond was given in the Probate Court the appellant does not bring herself within the exemptions enumerated in the statute.

In the case of **Dennison, et al. v. Talmage, et al., 29 Oh St 433,** in interpreting a similar statute the court held:

> Syllabus 1. "Executors or administrators, whether appointed in this state or elsewhere, who have not given bond in this state, with sureties, agreeably to law, and who were original parties to the action, are not authorized to prosecute an appeal from the court of common pleas to the district court, without giving an appeal bond or undertaking."

Where the appellant fails to file an appeal bond as required by §12223-6 GC, the appeal on questions of law and fact will be dismissed. **Kohler v. Sears, Roebuck & Company, 84 Oh Ap 98; Nickerson v. Nickerson, 84 Oh Ap 99.**

The motion will be sustained and the appellant will be granted leave to file bill of exceptions, assignment of errors and brief within the time prescribed by supplement to Rule VII of this court.

HORNBECK and WISEMAN, JJ, concur.

### ON APPELLANT'S LAW APPEAL

No. 4226. Decided September 19, 1950.

Marion A. Ross, Columbus, for plaintiff-appellee.
F. Stanley Crooks, Columbus, for defendant-appellant.

### OPINION

By THE COURT.

Three errors are assigned on appellant's law appeal. Judge Leach who tried the case, considered and discussed the subject matter of the assigned errors and with his conclusions

and reasons stated therefor, as found in his opinion, we agree. It would serve no good purpose to discuss the assignments because we do not believe they present any difficult or unusual questions of law.

We are satisfied that no error intervened in the trial of the cause to the prejudice of the appellant in any of the particulars relied upon in this Court.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.